IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GILBERTO ALVILLAR QUINTANA,

    Petitioner,

v.    No. 2:26-cv-00141-MLG-GBW

KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, Director, El Paso ICE Field Office; PAMELA BONDI, Attorney General, U.S. Department of Justice; DORA CASTRO, Warden, Otero County Processing Center,

    Respondents.

### ORDER PARTIALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO CONDUCT A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a)

This matter is before the Court on Petitioner Gilberto Alvillar Quintana's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1. On February 9, 2026, federal Respondents filed a Response to the Petition. *See* Doc. 9. Alvillar Quintana, a Mexican citizen, is detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 ¶ 5. Alvillar Quintana challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to release him from custody, or, in the alternative, to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a) within fifteen days. Doc. 1 at 15. He further requests that the Court grant injunctive relief, including enjoining Respondents from transferring him outside of the District of New Mexico during the pendency of this proceeding. *Id.* Alvillar Quintana also seeks an award of costs. *Id.* at 16.

1

Whether Alvillar Quintana is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a)(2), or whether he is instead subject to the mandatory detention provision provided by 8 U.S.C. § 1225(b)(2)(A),[1] is a question the Court has already addressed in regard to similarly situated petitioners. *See, e.g.*, *Cortez-Gonzales v. Noem*, No. 2:25-cv-00985, 2025 WL 3485771, at *3-5 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[2] like Alvillar Quintana, who has resided in the United States for approximately six years. Doc. 1 ¶ 36; *see, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years).

Federal Respondents agree the Court's previous rulings control the outcome of this case because "the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *See* Doc. 9 at 2. They

---

[1] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[2] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

assert that Alvillar Quintana—like other similarly situated persons—is "subject to mandatory detention under § 1225(b), because he was present in the United States without being admitted or paroled." Doc. 9 at 2. In advancing this argument, federal Respondents once again cite the Board of Immigration Appeals' ("BIA") opinion in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Doc. 9 at 2. The BIA's opinion is not binding on the Court, and the Court rejects the BIA's interpretation of the statutes for the same reasons articulated in its other decisions. *See, e.g.*, *Cortez-Gonzales*, 2025 WL 3485771, at *5 ("This Court is not bound by the BIA's interpretation of the relevant statutes—particularly when the [interpretation] lacks sound legal foundation."); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) ("The views of the Executive Branch [may] inform the judgment of the Judiciary, but [do] not supersede it.").

The Court therefore concludes § 1226(a) governs Alvillar Quintana's detention. Respondents' reliance on § 1225(b)(2)(A) to detain Alvillar Quintana without a bond hearing constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *see also Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process

Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").

Accordingly, the Court will grant Alvillar Quintana's request for a bond hearing. Federal Respondents are ordered to provide Alvillar Quintana with an individualized bond hearing pursuant to § 1226(a) before a neutral immigration judge within seven days[3] of this Order's filing. At the bond hearing, federal Respondents must justify Alvillar Quintana's continued detention by clear and convincing evidence.[4] If federal Respondents fail to meet this evidentiary burden, Alvillar Quintana should be released on appropriate conditions. Federal Respondents are further ordered to file a status report within eight days of this Order's filing to certify their compliance. The status report must include when the bond hearing occurred, if bond was granted or denied, and, if bond was denied, the reason(s) for the denial.

If Alvillar Quintana does not receive a bond hearing in accordance with this Order, the Court may order his immediate release.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[3] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

[4] This Court agrees with the "consensus view" that "where . . . the government seeks to detain [a noncitizen] pending removal proceedings, it bears the burden of proving that such detention is justified." *Ixchop Perez v. McAleenan*, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020) (internal quotation marks omitted) (quoting *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018)). "[G]iven the important constitutional interests at stake, and the risk of harm in the event of error, it is appropriate to require the government to bear the burden . . . ." *Darko*, 342 F. Supp. 3d at 435. And "in accordance with the overwhelming majority of courts to have decided the issue," this Court "concludes that the government must bear the burden by clear and convincing evidence." *Id.* at 436.